Funke, Appellant, vs. Joint County School Committee of Milwaukee and Waukesha Counties, Respondent.

*November 11—December 6, 1955.*

For the appellant there were briefs by *Lines, Spooner & Quarles,* attorneys, and *Maxwell H. Herriott* and *Laurence E. Gooding, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Herriott.*

For the respondent there was a brief by *Oliver L. O'Boyle,* corporation counsel of Milwaukee county, and *C. Stanley Perry,* first assistant corporation counsel, and oral argument by *Mr. Perry.*

STEINLE, J. The questions raised upon this appeal are:

Did the Joint Committee's order "create" a new common school district?

Was the order valid, notwithstanding that it intentionally did not "designate that a board of three, five, seven, or nine members be elected" in the reorganized school district?

Appellant contends that by its order the Joint Committee "created" a new school district, and that in view of its action in so "creating" a new district, it was bound under sec. 40.03 (1), Stats., to have numbered the district, and to have designated that a board of three, five, seven, or nine members be elected.

It does not appear that a new district was "created" within the meaning of the statute requiring that it be numbered or

that such board be designated. In so far as material, sec. 40.03 (1), Stats., provides in part:

"Upon the petition of an elector of the county or upon its own motion, the county school committee may order the *creation, alteration, consolidation,* or *dissolution* of school districts within the county, subject to the referendum provisions of sub. (6). . . . An order of the county school committee creating a district shall number the district, mention the municipalities in which it is situated, and designate that a board of three, five, seven, or nine members be elected." (Italics supplied.)

By its order the committee dissolved five common school districts, detached a portion of a joint district, and attached to and consolidated with an existing district (West Allis) all of the territory so dissolved and detached. The West Allis district was not dissolved. It continued to operate with the entity that it enjoyed prior to the addition of the other territory. Manifestly, had the committee so determined, it might under its authority have dissolved the West Allis district. However, it took no such action. It might have "created" a new district from all of the territory involved. Apparently it decided only to attach or consolidate the dissolved and detached areas to the West Allis district, and under its power to "alter," clearly acted within its scope of authority. That there may be "alteration" without "creating" is plain from the language in sec. 40.801 (1), Stats., which provides:

"Each city operating under the city school plan is a single and separate school district; any territory outside of the city which is joined with city territory in the formation of a school district is attached to the city for school purposes."

Since the order did not within the meaning of sec. 40.03 (1), Stats., create a new district but merely altered an existing district by enlargement, there was no necessity that the Joint Committee by its order number the district or designate the number of members to constitute the board.

*By the Court.*—Order affirmed.